IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02913-NRN

MANUEL DE JESUS CHAVEZ AYALA,

     Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,
DAVID VENTURELLA, in his official capacity as Acting Director of Immigration and Customs Enforcement,
GEORGE VALDEZ, in his official capacity as ICE Field Officer Director,
JUAN BALTAZAR, in his official capacity as the Warden for the Aurora ICE Processing Center,
TODD BLANCHE, in his official capacity as the Acting United States Attorney General,

     Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

     This case is before the Court on Manuel De Jesus Chavez Ayala's ("Petitioner") Verified Petition for Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at the Aurora ICE Processing Center in Aurora, Colorado. ECF No. 1 at 5. He contends that the Respondents are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS** the Petition.

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g.*, *Rivera v. Valdez*, No. 26-cv-01765-NRN, 2026 WL 1224072 (D. Colo. May 5, 2026); *Martinez v. Baltazar,* No. 26-cv-01313-NRN, 2026 WL 925537 (D. Colo. Apr. 6, 2026); *Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

Petitioner is a native and citizen of El Salvador who entered the United States without inspection. ECF No. 1 at 1–2. He is the father of a United States citizen born on March 30, 2019. *Id.* at 2. He has filed an Application for Asylum and for Withholding of Removal (Form I-589), and his removal proceedings remain pending before the Immigration Court. *Id.* Apart from a 2012 arrest for driving under the influence that was ultimately dismissed, Petitioner has no known criminal convictions. *Id.* On May 21, 2026, Department of Homeland Security ("DHS") agents arrested Petitioner after he

2

exited a Lowe's store in Westminster, Colorado, and he has remained detained since that date. *Id.*

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA"). He asks that he granted a prompt bond hearing. *Id.* at 9.

Respondents have submitted an abbreviated response, which states, in full:

> Respondents hereby respond to the Petition for Writ of Habeas Corpus and the Court's Order to Show Cause. Petitioner, who is in removal proceedings and detained by U.S. Immigration and Customs Enforcement, challenges the lawfulness of the detention. For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition.
>
> Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner. *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) (remanding and directing that "the district court shall order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

ECF No. 5 at 1–2 (footnote omitted).

As noted, Respondents cite *Santillan Quiroz*, where the Tenth Circuit recently held that the government may not detain those who have long lived inside the United States as arriving aliens pursuant to 8 U.S.C. § 1225(b)(2)(A); instead, the detention provisions permitting bond at 8 USC § 1226(a) apply to those detained while residing in the United States. The *Quiroz* decision is in accord with the orders issued by this Court and almost every other judge in this District over the past year. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A)

does not apply to persons, like Petitioner, who have already been residing in the United States for years).

Accordingly, the Court finds that Petitioner has met his burden showing that his continued detention without an adequate bond hearing is unlawful.

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED** as follows.

1) Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order. At the bond hearing, Respondents bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified due to dangerousness or flight risk. *See Abanil,* 2026 WL 100587, at *8 ("[T]the weight of authority in this District is clear: it is the Government's burden to 'justify[ ] a noncitizen's continued detention at a bond hearing.'" (quoting *Arauz v. Baltazar*, No. 25-cv-03260-CNS, 2025 WL 3041840, at *4 n.3 (D. Colo. Oct. 31, 2025)); *Espinoza Ruiz v. Baltazar*, No. 25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (ordering that the Government would carry the burden for bond hearing under § 1226(a)); *Loa Caballero*, 2025 WL 2977650, at *9 ("During such [bond] hearing, the Respondents bear the burden of justifying detention."). **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

2) Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

4

3) Respondents shall file a status report within three days of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Dated: July 17, 2026

BY THE COURT:

_N. Reid Neureiter_

N. Reid Neureiter
United States Magistrate Judge